**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

VICTORINO MENDEZ CHAVEZ,

Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; PATRICK DIVVER, Field Officer Director, San Diego Field Office, U.S. Immigration and Customs Enforcement; CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center; SIRCE OWEN, Acting Director of the Executive Office for Immigration Review (EOIR), U.S. Department of Justice; and PAM BONDI, Attorney General, U.S. Department of Justice,

Respondents.

Case No.: 25-cv-02818-DMS-SBC

**ORDER GRANTING IN PART AND DENYING IN PART PETITION**

Pending before the Court is Petitioner Victorino Mendez Chavez's Petition for Writ of Habeas Corpus and Request for Order to Show Cause Within Three Days ("Petition"). (Pet., ECF No. 1). Respondents filed a response, (Resp., ECF No. 4), and Petitioner filed

a traverse. (Traverse, ECF No. 6). The matter was submitted on the briefs under Civil Local Rule 7.1(d)(1). (ECF No. 7). For the following reasons, the Court grants in part and denies in part the petition for a writ of habeas corpus.

## I. BACKGROUND

Petitioner, a Guatemalan national, entered the United States in or around 1998, without being admitted, paroled, or inspected. (Pet. ¶ 29). On August 29, 2023, Petitioner was placed in removal proceedings under 8 U.S.C. § 1229a and issued a Notice to Appear on a charge of inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (being present in the United States without being admitted or paroled). (Resp. at 1.) On August 27, 2024, Petitioner's removal proceedings were taken off the immigration court's calendar. (*Id.*) On May 5, 2025, his proceedings were placed back on the calendar, (*id.*), and on or around September 8, 2025, Petitioner was arrested by Immigration and Customs Enforcement agents. (Pet. ¶ 33). He is currently in Department of Homeland Security ("DHS") custody at the Otay Mesa Detention Center. (*Id.* ¶ 1).

On September 26, 2025, an immigration judge ("IJ") denied Petitioner's request for bond based on a recent decision from the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). In that case, the BIA reasoned that any individual who entered the United States without admission is an "applicant for admission" (meaning, an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)"), and must, therefore, be detained during removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). Petitioner argues this interpretation of § 1225(b)(2) is unlawful and that he is entitled to a bond hearing and release pursuant to § 1226(a). (Pet. ¶¶ 2–3). Petitioner remains detained under § 1225(b)(2). (Resp. at 1).

In the Petition, Petitioner asserts his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause. (Pet. at 7-8). Petitioner requests: (1) an order prohibiting Respondents from transferring him outside the Southern District of California during the pendency of these proceedings; and (2) a writ of

habeas corpus ordering Respondents to release Petitioner immediately, or, alternatively, to provide him with a bond hearing. (*Id.* at 9). Petitioner also requests a declaration that his detention violates the INA and the Fifth Amendment's Due Process Clause. (*Id.*).

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails on his petition for writ of habeas corpus if he shows his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III. DISCUSSION

### A. Jurisdiction

Respondents argue the Court lacks jurisdiction per 8 U.S.C. § 1252(b)(9) and (g). (Resp. at 2–6). In two previous decisions, this Court has rejected that argument. *See Medina-Ortiz v. Noem*, No. 25-cv-2819-DMS-MMP, ECF No. 7; *Vasquez Garcia v. Noem*, No. 25-cv-02180-DMS-MMP, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025). Based on the reasoning of those cases, the Court again rejects this argument.[1]

### B. Merits—INA's Detention Statutes

Petitioner argues his mandatory detention under § 1225(b)(2) is unlawful. (Pet. ¶ 6). Petitioner contends he instead falls under § 1226(a)'s discretionary detention framework. (*Id.* ¶ 41). Respondents maintain Petitioner is properly detained under § 1225(b)(2). (Resp. at 6-9). The Court agrees with Petitioner.

---

[1] In a footnote, Respondents argue the Court should deny the Petition because Petitioner did not exhaust his administrative remedies. (Resp. at 6 n.2). The Court agrees with Petitioner, and other courts that have addressed this issue, that it would be futile to require Petitioner to exhaust his administrative remedies in light of the BIA's decision in *Yajure Hurtado*. *See Esquivel-Ipina v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *3-4 (S.D. Cal. Oct. 24, 2025) (finding exhaustion would be futile in light of Yajure Hurtado); *Vasquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *10 (D. Nev. Sept. 17, 2025) (same).

Section 1225(b)(2)(A) provides that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." *Id.* § 1225(a)(1). Petitioner argues that "seeking admission" "requires an affirmative act evidencing a request for admission—such as presenting at the border for inspection or applying for admission or adjustment of status." (Traverse at 6). Respondents do not contend that Petitioner affirmatively applied for admission. Rather, Respondents argue that an applicant for admission is automatically understood to be "seeking admission" within the meaning of § 1225(b)(2)(A). (*See* Resp. at 6-7). However, Respondents' interpretation of "seeking admission" would "seemingly render that phrase mere surplusage, such that the language could be deleted while retaining the same statutory meaning." *Castellanos Lopez v. Warden*, 25-cv-2527-RSH-SBC, 2025 WL 3005346, at *3 (S.D. Cal. Oct. 27, 2025). Thus, "seeking admission requires an affirmative act such as entering the United States or applying for status, and [ ] it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status." *Esquivel-Ipina*, 2025 WL 2998361, at *5; *Vasquez Garcia*, 2025 WL 2549431, at *6.

Further, Respondents' interpretation would render the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), "superfluous." (Pet. ¶ 29). Section 1226(c) carves out exceptions to § 1226(a), requiring certain people be detained. 8 U.S.C. § 1226(c). Specifically, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for people who are inadmissible under § 1182(a)(6)(A), (6)(C), or (7) *and* charged with certain crimes not relevant here. *Id.* § 1226(c)(1)(E). As a practical matter, if § 1225(b)(2) already encompassed all inadmissible noncitizens, there would be no need to pass an amendment that required detention for those who are inadmissible under the same statutes *and* are being charged with specific crimes. *Vasquez Garcia*, 2025 WL

2549431, at *6. "A plain reading of this exception implies that the default discretionary bond procedures in Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled but *has not been* implicated in any crimes as set forth in Section 1226(c)." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025).

The Court's holding maintains a "general distinction" between §§ 1225(b) and 1226(a) as explained by the Supreme Court: Section 1225(b) applies to "aliens seeking admission into the country" and § 1226 applies to "aliens already in the country." *Castellanos Lopez*, 2025 WL 3005346, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018)). Thus, the Court finds Petitioner is being unlawfully detained under § 1225(b)(2).[2]

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** the Petition. Specifically, the Court **DENIES** Petitioner's request to be released from custody, but **GRANTS** Petitioner's request to be provided an individualized bond hearing pursuant to § 1226(a) and **GRANTS** Petitioner's request to remain in the Southern District of California pending final resolution of this litigation.

Respondents must provide Petitioner with an individualized bond hearing under § 1226(a) within fourteen days of this Order. Respondents shall not deny Petitioner's bond

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] In light of this determination, the Court declines to address Petitioner's arguments concerning the Fifth Amendment Due Process Clause.

on the basis that § 1225(b)(2) requires mandatory detention. The parties shall file a Joint Status Report on or before **November 17, 2025**, regarding the status of Petitioner's bond hearing.

**IT IS SO ORDERED.**

Dated: October 31, 2025

Hon. Dana M. Sabraw
United States District Judge